THOMAS E. MAYS v. GEORGE T. SHAFFER, COMMISSIONER OF THE STATE LAND-OFFICE.

[See 89 Mich. 463.]

*Swamp lands—Contract for construction of State road—Selection.*

The State swamp lands on Bois Blanc island are not in the Upper Peninsula of Michigan, so as to entitle a State-road contractor to select the same under a contract limiting such selection to vacant swamp lands in the market, and subject to sale by the Commissioner of the State Land-Office, in said Upper Peninsula.

*Mandamus.* Argued November 11, 1891. Denied December 23, 1891.

Relator applied for *mandamus* to compel respondent to issue certificates for certain swamp lands on Bois Blanc island, under a State-road contract payable in lands in the Upper Peninsula of Michigan. The facts are stated in the opinion.

*Montgomery & Lee,* for relator.

*A. A. Ellis,* Attorney General, for respondent.

CHAMPLIN, C. J. Bois Blanc island is situated in Lake Huron, near the straits of Mackinac, and between the Upper and Lower Peninsulas of Michigan. It is about

13 miles in length, and from 4 to 6 miles in width. The United States survey established a base line, running east and west, from which the survey of the island was made. About 40 families are said to reside upon the island. By the United States survey a number of sections were designated as swamp, and were granted to the State by act of Congress of September 28, 1850.

By Act No. 277, Laws of 1887, approved June 28 of that year, so much of the swamp land upon this island as might be necessary, not exceeding 640 acres to each mile of road, was appropriated for the construction of a State road along or near the principal base line of Bois Blanc island, in the county of Mackinac, from the eastern to the western terminus of said line.

Another act was passed in 1889, entitled—

"An act to authorize the Board of Control of State Swamp Lands to make an appropriation of State swamp lands to aid in the construction of a State road from Bessemer, Gogebic county, to the mouth of Black river, in said county."[1]

Under this act, on or about October 30, 1889, John H. D. Stevens was appointed a commissioner, who proceeded to lay out the road, and let the contract to the relator, who constructed the road, and it has been duly accepted. By the terms of this contract Mays was to receive—

"As compensation in full for said work and materials furnished the sum of $21,029, payable in State swamp lands, which shall be selected by the said principal [Mays], his heirs or assigns, from any vacant swamp lands which may be in the market, and subject to sale by the Commissioner of the State Land-Office, in the Upper Peninsula of the State of Michigan, and applicable to the construction of said road, at the minimum price established by law at the time of such selection."

On the 20th of June, 1891, the relator filed with George T. Shaffer, Commissioner of the State Land-Office,

---

[1] Act No. 206, Laws of 1889.

a list of lands selected by him, which list embraced certain State swamp lands upon Bois Blanc island, and demanded that the Commissioner issue to him certificates therefor, and the Commissioner refused. This application is for a writ of *mandamus* to compel the Commissioner to issue such certificates. The Commissioner has by his answer to our order to show cause set forth several reasons why he should not be compelled to issue such certificates. It is set up in the answer, and not denied, that there are sufficient State swamp lands in the Upper Peninsula of Michigan to pay for the work at the contract price, and it is conceded that the relator had, at the time he made his application, swamp-land scrip to the amount of $19,029. It is not necessary to examine or decide all the questions presented at the argument, as the relator admits—

"That by the terms of his contract he was required to select lands which were subject to sale by the Commissioner of the State Land-Office in the Upper Peninsula, and applicable to the construction of the road, at the minimum price established by law."

The State has treated the lands upon Bois Blanc island as distinctive from those in the Upper Peninsula, and so did the United States in making the government survey. The lands upon Bois Blanc island are not in the Upper Peninsula of Michigan, within the language and intent of the contract, and the relator shows no right to select lands upon said island.

The writ is denied.

The other Justices concurred.